1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     KENNETH R. DELGADO,                        No.  2:21-cv-1118 CKD P

12                  Plaintiff,

13          v.                                     ORDER

14     CHRISTOPHER SMITH, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18     1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

19     636(b)(1) and plaintiff has consented to have all matters in this action before a United States

20     Magistrate Judge.  See 28 U.S.C. § 636(c).

21          Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

22     declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

23     Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24     1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25     initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26     Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27     month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28     /////

1   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

2   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief against a

4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989); Franklin, 745 F.2d at 1227.

15         In order to avoid dismissal for failure to state a claim a complaint must contain more than

16   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

20   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

21   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

22   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

23   at 678.  When considering whether a complaint states a claim upon which relief can be granted,

24   the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

25   construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

26   U.S. 232, 236 (1974).

27         The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon

28   which relief can be granted under federal law.  Generally speaking, plaintiff's allegations are

1   vague and conclusory.  Plaintiff's complaint must be dismissed.  The court will, however, grant

2   leave to file an amended complaint.

3          In his amended complaint, plaintiff must allege in specific terms how each named

4   defendant is involved and point to facts suggesting that each of them individually violated

5   plaintiff's federal rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some

6   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

7   v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official

8   participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

9   268 (9th Cir. 1982).

10         Plaintiff claims he has been denied adequate medical care.  A violation of the Eighth

11   Amendment occurs if a prisoner suffers actionable injury as a result of at least deliberate

12   indifference to serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  A

13   showing of merely negligent medical care is not enough to establish a constitutional violation.

14   Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A

15   difference of opinion about the proper course of treatment is not deliberate indifference, nor does

16   a dispute between a prisoner and prison officials over the necessity for or extent of medical

17   treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058

18   (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

19         Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

20   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

21   complaint be complete in itself without reference to any prior pleading.  This is because, as a

22   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

23   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

24   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

25   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

26   /////

27   ////

28   /////

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

3    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

4    shall be collected and paid in accordance with this court's order to the Director of the California

5    Department of Corrections and Rehabilitation filed concurrently herewith.

6    3.  Plaintiff's complaint is dismissed.

7    4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

8    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

9    Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

10   number assigned this case and must be labeled "Amended Complaint."  Failure to file an

11   amended complaint in accordance with this order will result in a recommendation that this action

12   be dismissed.

13   Dated:  September 8, 2021

14

15                                            CAROLYN K. DELANEY
                                              UNITED STATES MAGISTRATE JUDGE

16

17   1
     delg1118.14

18

19

20

21

22

23

24

25

26

27

28

4