UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. DELGADO, | No. 2:21-cv-1118 CKD P |
| Plaintiff, | |
| v. | ORDER |
| CHRISTOPHER SMITH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On September 8, 2021, the court dismissed plaintiff's complaint and granted plaintiff leave to file an amended complaint. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Having conducted the required screening, the court finds that plaintiff may proceed on claims arising under the Eighth Amendment against defendants Omari and Kahlon. The other claims are vague and are not claims upon which plaintiff can proceed. At this point, plaintiff has two options: 1) proceed on Eighth Amendment claims against defendants Omari and Kahlon; or 2) attempt to cure the deficiencies with respect to his other claims in a second amended complaint. In considering whether to amend, the court advises plaintiff as follows:

/////

1. Under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

2. Denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id. In order to state a claim for denial of adequate medical care against a particular defendant there must an affirmative link or connection between a defendant's actions and the claimed injury. Rizzo v. Goode, 423 U.S. 362 (1976). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3. Before proceeding on a claim arising under California law a litigant must comply with the terms of the California Tort Claims Act, and then plead compliance. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Complaints must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

In accordance with the above, IT IS HEREBY ORDERED that plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on claims arising under the Eighth Amendment against defendants Omari and Khalon, or whether he wishes to file second amended complaint in an attempt to cure the defects in his other claims. If plaintiff does not return the form, this action will proceed claim on the claims described above.

Dated: March 21, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
delg1118.14(2)

2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. DELGADO,<br><br>              Plaintiff,<br><br>       v.<br><br>CHRISTOPHER SMITH, et al.,<br><br>              Defendants. | No. 2:21-cv-1118 CKD P<br><br><br>PLAINTIFF'S NOTICE OF<br><br>HOW TO PROCEED |

**Check one:**

\_\_\_\_\_ Plaintiff wants to proceed immediately on claims arising under the Eighth Amendment against defendants Omari and Khalon; or

\_\_\_\_\_ Plaintiff wants time to file a second amended complaint.

DATED:

_____

                                                                        Plaintiff

3